FILED
SUPERIOR COURT
OF GUAM

2022 AUG 15 PM 2: 23

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

|  |  |
|---|---|
| **IN THE MATTER OF THE ESTATE** | **Probate Case No. PR0123-13** |
| **OF** | **DECISION AND ORDER** |
| **RADHI P. HEMLANI,** | **GRANTING ESTATE OF RADHI P. HEMLANI'S MOTION TO LIFT STAY** |
| Deceased. | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on June 20, 2022 for hearing on the Estate of Radhi P. Hemlani's (hereafter the "Estate's") Motion to Lift Stay ("Motion"). Attorneys Jon Ramos, Rodney Jacob, Seth Forman, Wilfred Mann, Rachel Taimanao-Ayuyu, and Thomas Tarpley Jr. were present during the hearing. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **GRANTS** the Estate's Motion.

## BACKGROUND

On December 11, 2015, this probate matter was stayed as a result of the then-pending appeal in Superior Court Civil Case No. CV1527-13, *Kamlesh K. Hemlani v. Manu & Anita Melwani* (hereafter "CV1527-13"). See Order Staying Proceedings at 1 (Dec. 11, 2015). CV1527-13 found that Kamlesh lacked standing to sue to be appointed trustee of the Radhi Puran Trust (hereafter "RPT"). Id. at 1. In PR0123-13, Kamlesh, on behalf of RPT, filed a petition for the probate of an alternate will (dated 2004) that purportedly granted the probate estate's remainder to the RPT Trustees. Id. at 1. The Court stayed proceedings in PR0123-13 because if the CV1527-13 decision were reversed, Kamlesh would likely use the 2004 will to contest the 2011 will that has been

Decision and Order Granting Estate of Radhi P. Hemlani's Motion to Lift Stay
PR0123-13, *In the Matter of the Estate of Radhi P. Hemlani*
Page 1 of 3

petitioned for probate in this case. Id. at 2. Therefore, proceedings were stayed to protect Kamlesh's interests of contesting the 2011 will with the 2004 will should the CV1527-13 decision be reversed. Id. at 2.

On December 31, 2020, the Guam Supreme Court issued its opinion on the then-pending CV1527-13 appeal (hereafter the "Opinion"). See Hemlani v. Melwani, 2020 Guam 31. The Opinion affirmed the Superior Court in part, finding that Kamlesh's claims against the Estate were properly dismissed. Id. at ¶ 40.

On January 19, 2022, the Estate of Radhi P. Hemlani, by and through Special Administrator Cynthia V. Ecube, filed their Motion to Lift Stay. The Estate claimed to no longer be a party in CV1527-13, as Kamlesh's appeal had been fully adjudicated pursuant to the Guam Supreme Court's Opinion. See Motion at 2 (Jan. 19, 2022). The Estate further argues that lifting the stay would allow them to administer the Estate, preserve Estate assets through favorable settlements, and eventually close the matter. Id. at 3.

On February 14, 2022 Kamlesh Hemlani filed his Opposition on Behalf of RPT to Estate's Motion (hereafter the "Opposition"). Kamlesh claims the Supreme Court Opinion dismissed his claims, not for a true lack of standing, but rather because he filed his suit directly against the estate (a legal entity that can't be sued). See Opposition at 2 (Feb. 14, 2022). Kamlesh claims he could reasonably remedy the situation by amending the claim to name the authorized representative of the estate rather than the estate itself. Id. at 2-3.

The Court held a hearing on June 20, 2022. During the hearing, all parties except Kamlesh Hemlani (through Attorney Thomas Tarpley Jr.) supported lifting the stay. See Court Recording 10:06:00-10:09:00 (Jun. 20, 2022). After hearing the arguments of the parties, the Court took the matter under advisement.

## DISCUSSION

All matters pertaining to Kamlesh's appeal in CV1527-13 have been resolved pending the Supreme Court's affirmation of the decision to grant summary judgment. See Hemlani v. Melwani, 2020 Guam 31 ¶ 40. Therefore, Kamlesh no longer has an interest warranting protection in contesting the 2011 will with the 2004 will.

Decision and Order Granting Estate of Radhi P. Hemlani's Motion to Lift Stay
PR0123-13, In the Matter of the Estate of Radhi P. Hemlani
Page 2 of 3

Furthermore, lifting the stay and moving forward with this probate matter in an expeditious matter is in the Estate's best interest. There remain several administrative matters that require action by the Estate. These actions include: (1) Payment of real property taxes for eight real properties, (2) Payment to Diego D. Mendiola's Estate for Diego's previous Special Administrator services towards the Estate, (3) Payment of accountant fees, and (4) Appraisal of jewelry and gold held in a safe deposit box. Id. at 4-6. The Estate has already negotiated favorable settlements on several of these claims. Id. at 4-6. For example, the Estate reduced the amount of real property taxes owed by over twenty-two thousand dollars ($22,000.00) after successfully waiving penalties and interest owed on their outstanding taxes. Id. at 4.

The liquidation of Kamlesh's interest in contesting the 2011 will, combined with the favorable settlements negotiated by the Estate justify lifting the stay so that this case can move forward and escape the purgatory it's been in for the past six years.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** the Estate's Motion. The stay will be lifted, and Special Administrator Cynthia V. Ecube may proceed with the administrative matters of the Estate.

**IT IS SO ORDERED** this August 15, 2022 .

---

**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

Decision and Order Granting Estate of Radhi P. Hemlani's Motion to Lift Stay
PR0123-13, *In the Matter of the Estate of Radhi P. Hemlani*
Page 3 of 3